Matter of Magana v Delph (2018 NY Slip Op 05167)





Matter of Magana v Delph


2018 NY Slip Op 05167


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-07027
2017-07028
 (Docket No. O-25051-16)

[*1]In the Matter of Saphora Magana, respondent, 
v
Dirk Delph, appellant.


Ronna Gordon-Galchus, Fresh Meadows, NY, for appellant.
Michael D. Carlin, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustatetter of counsel), and Simpson Thatcher & Bartlett LLP, New York, NY (Joseph M. McLaughlin and Jordan A. Botjer of counsel), attorney for the child Athalia D (one brief filed).
Lisa Lewis, Brooklyn, NY, attorney for the child Emelia M.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Dirk Delph appeals from an order of fact-finding and disposition of the Family Court, Kings County (Javier E. Vargas, J.), dated May 30, 2017, and an order of protection of the same court against him, also dated May 30, 2017. The order of fact-finding and disposition, after a fact-finding hearing, found that Dirk Delph committed the family offenses of disorderly conduct, harassment in the second degree, and sexual misconduct. The order of protection, inter alia, directed Dirk Delph to stay away from the petitioner and the child Emelia M. for a period up to and including October 6, 2018.
ORDERED that the orders are affirmed, without costs or disbursements.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Washington v Washington, 158 AD3d at 718; see Matter of Pierre v Dal, 142 AD3d 1021, 1023). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Pierre v Dal, 142 AD3d at 1023; Matter of Maiorino v Maiorino, 107 AD3d 717).
Contrary to the appellant's contentions, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offenses of disorderly conduct, harassment in the second degree, and sexual misconduct (see Penal Law §§ 240.20[1]; 240.26[1], [3]; 130.20[1]). The appellant's remaining contentions are without merit. Accordingly, there is no basis to disturb the order of protection (see Matter of Washington v Washington, 158 AD3d at 718-719).
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court